O’Neall, J.,
delivered the opinion of the Court.
The motion to quash the indictment, on the ground, that six different offences, committed by as many different defendants, could not be included in the same indictment, must be overruled here, as it was on the circuit. It is a question of strict law, and to be decided by authority. On a careful examination of all the cases within my reach, I find that they all agree that in this class of cases such an indictment is good. The reason seems to be, that the offences are of the same public character; and although committed by several persons and by distinct acts, yet if they be in the same venue, they may be included .in the same indictment, as it is regarded as a separate one against each defendant. Hale, in his Pleas of the Crown, 24 chap., sec. 4, p. 174, 2d vol., states the substance of all the authorities, when he says, “ But yet in T., 21 Jac., B. R., A. B. C. D. D., were indicted for erecting four several inns ad commune nocumentum; it was ruled that for several offences of the same nature, several persons may be indicted in the same indictment; but then it must be laid separaliter erexenmt, and for want of that one word 11 separaliter,'" the indictment was quashed.” “And it is common experience at this day, that twenty persons may be indicted for keeping disorderly houses or bawdy-houses, and they are daily convicted upon such indictments, for the word separaliter makes them several indictments.”
The distinction taken by the counsel of the defendants, that to be indicted together, the defendants must be inmates of one house, but occupying different rooms in it, cannot be maintained. Without concert between defendants occupying different rooms for purposes of prostitution in a lodging house, the offences are just as distinct as when they occupy different houses. For in the case supposed, each room is a bawdy-house, and its inmate the keeper. The only legal distinction as to. indicting together different persons, seems to be this: that the act charged must be such an one as in *348 point of law may be committed by several: but that does not touch this case, which is an acknowledged exception. When the joining together different persons for keeping-different disorderly houses would have a vexatious or oppressive effect, the Court might, in the exercise of a sound discretion, compel the Solicitor to try the parties separately, or quash the indictment: and this is what is meant by J. Lawrence, in King vs. Kingston, 8 E., 46, when he says in a case like this, the Court might, in the exercise of a sound discretion, quash the indictment; but after having so said, he recognises and approves of what is said by Hale on this subject. On the present occasion, it is not pretended that there was any necessity for the defence of these defendants, that they should have been tried separately.
To decide upon the only other point in the cause, whether the fact that the defendants were notorious prostitutes, and that the houses occupied by them were kept as common bawdy-houses, without proving particular facts, such as men and women meeting together there for purposes of illicit intercourse, was competent evidence, it will be necessary to inquire first, what is the offence ? The cases upon the subject, to the honor of the Courts of Law, are few, and none are to be found reported in the South Carolina decisions. Lewdness is not punishable as a crime per se, at law. It must be accompanied by something else, such as indecent exposure, or keeping a bawdy-house, to make it indictable. In the Crown Cir. Com., 366, it is truly said: “Although lewdness be properly punishable by the ecclesiastical law, yet the offence of keeping a bawdy-house cometh also under the cognizance of the law temporal, as a common nuisance not only in respect of its endangering the public peace, by drawing together dissolute and debauched persons, but also in respect of its apparent tendency to corrupt the manners of both sexes.” To the same effect is Bac. Abr. Tit. huisance, letter A. It is the keeping of a bawdy-house which is therefore indictable; the fact that its inmate is a prostitute is only one circumstance to fix its character upon it. In J. Anson vs. Stewart, Buller, J., said, “ with respect to the case of an indictment for keeping a common bawdy-house there, more certainty is required than is stated here, for it must state where the house is and the time; the crime, *349 therefore, is particularly stated in that case, for the offence is the keeping of 4he house.” This dictum of a great judge shows clearly that the offence consists in keeping the house. How is this fact to be proved, is the second inquiry ? It is a general rule that the allegata and probata ought to correspond. The charge is a general one, and we should be at liberty hence to conclude that general proof is all which is required. Indeed, I think it is the best proof. I know you may prove particular facts, and from these the jury find the general charge, In Clark vs. Perian, 2 Atk., 339, Ld. Ch. Hardwick stated the rule in this respect, which has been adopted by all the elementary writers. He said, “suppose the case of an indictment for keeping a common bawdy-house, without charging any particular fact; though the charge is general, yet at the trial you may give in evidence particular facts and the particular time of doing them.” This maintains no more, than that you may give such evidence, not that you shall give no other. No case or dictum can be found excluding the evidence received on the trial of this case. Its admissibility can be fully shown. The fact that the defendants were prostitutes, can only be proved, (by any evidence which the Court would tolerate,) by the unenviable character which their lives have given them. It cannot be denied that this evidence was admissible to arrive at the nature of the house kept by them. For unless you admit this the offence could not be made out by men and women meeting together at the houses. It is only when occupied by prostitutes, and that males go to such places, that the particular facts are made out, spoken of by Lord Hardwick. So far, then, I take it, there is no objection to the proof. The offence, we have seen, is keeping a bawdy-house. The existence of the house within the venue must be proved. This was done in this case. The only thing remaining to be shown was its character. It was that which rendered it criminal. When the facts are proved that the defendants, common prostitutes, occupied particular houses in the town of Columbia, a strong presumption of the character of the houses was raised. When it is shown that their houses were notorious — that is, known to the whole community — as common bawdy-houses, it is the same thing as if it was proved that over the door of each house was written in the *350 abominable law word, “bawdy” “within.” Look to the reason why the law punishes the offence. It is because such houses may draw together dissolute and disorderly persons, to the danger of the public peace, and may corrupt the manners of both sexes. Is not a house, notorious as a bawdy-house, the very thing to attract dissolute and disorderly persons, and is it not the very thing to corrupt the manners of both sexes ? To say that there is any danger of a virtuous woman being convicted on such testimony, is utterly absurd. She cannot even be suspected until she has lost her character, and she cannot be convicted until she occupies a position furnishing flagrant proof. But if such a charge should even be made against a virtuous woman, her character will be her shield: and in her vindication she may examine into the foundation and truth of every particular on which such a charge may be made. I think, too, a decent regard to good morals should always be had in the requisition and adduction of evidence in a Court of justice. Every corrupting fact which can be supplied by general proof, should be excluded. The general proof here is just as satisfactory as the most direct proof can be. Why should more be required ? The law does not require it, for no such rule of evidence exists. The best evidence which the nature of the case admits of, is an old and familiar rule: that has been complied with here: and we have the proof of the truth of the old saying, that “what every body says must be true,” in the admission of the zealous counsel for the defendants, that he had not a doubt of their guilt. And in a case in which character is its very gist, I am willing to make that which every body says, the evidence on which a jury may, if they choose, convict defendants for keeping a bawdy-house.
The motion is dismissed.